UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEALTH CARE SERVICE CORP. | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-221-DF-CE |
| | § | |
| EFREN OLIVARES, ET. AL. | § | |

**ORDER**

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 33) has been presented for consideration. The report recommends that the court grant Defendant's motion to dismiss and order Plaintiff to file an amended complaint within fourteen (14) days, alleging economic loss under the standard announced in *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352 (11th Cir. 2011). In addition, the report recommends that the court order Plaintiff to allege: (1) what, if any, misrepresentations were made directly to it; and (2) whether doctors, or other health professionals, relied upon any Pfizer misrepresentations, as opposed to their own professional judgment, when prescribing the drugs at issue in this lawsuit for off-label uses. Finally, the report recommends that the balance of the motion to dismiss be denied without prejudice to re-urging should Plaintiff be able to allege economic injury and causation.

Plaintiff filed objections to the Magistrate Judge's report (Dkt. No. 33). First, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has failed to sufficiently allege economic injury. However, having carefully reviewed the Magistrate Judge's report, and the authorities relied upon therein, the court concludes that the Fifth Circuit will most likely agree with the Eleventh Circuit's reasoning in *Ironworkers*. As such, the court OVERRULES

1

Plaintiff's argument that it has sufficiently alleged an economic injury in this case. Plaintiff also objects the Magistrate Judge's conclusion that Plaintiff has not adequately pled causation. The court, however, agrees with the Magistrate Judge that Plaintiff's general allegations of causation are not sufficient to state a claim upon which relief can be granted. The allegations in Plaintiff's complaint make no attempt to identify what misrepresentations were made directly to it and/or whether any health care professionals relied upon Pfizer misrepresentations when prescribing the drugs at issue for off-label uses. Accordingly, the court OVERRULES Plaintiff's objections to the Magistrate Judge's conclusion that Plaintiff has not sufficiently pled causation.

In conclusion, the court is of the opinion that the conclusions of the Magistrate Judge are correct. Therefore, the court OVERRULES Plaintiff's objections and adopts the report of the United States Magistrate Judge, in its entirety, as the conclusions of this court. Accordingly, it is ORDERED that Defendant's motion to dismiss is GRANTED and that Plaintiff is ORDERED to file an amended complaint within fourteen (14) days, alleging economic loss under the standard announced in *Ironworkers*. It is FURTHER ORDERED that Plaintiff shall amend its complaint to allege: (1) what, if any, misrepresentations were made directly to it; and (2) whether doctors, or other health professionals, relied upon any Pfizer misrepresentations, as opposed to their own professional judgment, when prescribing the drugs at issue in this lawsuit for off-label uses. Finally, it is FURTHER ORDERED that the balance of Defendant's motion to dismiss is DENIED without prejudice to re-urging should Plaintiff be able to allege economic injury and causation.

**SIGNED this 30th day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE